UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND KEITH REVIERE,<br><br>Petitioner,<br><br>v.<br><br>KIMBERLY SEIBLE,[1] Warden,<br><br>Respondent. | Case No. 5:19-cv-00947-JAK-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

On May 11, 2019, Petitioner Raymond Keith Reviere ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. 1 [signature date].) As discussed more fully below, the Court orders Petitioner to show cause why the Petition should not be dismissed as untimely.

## I.
## BACKGROUND

On January 30, 1998, a jury convicted Petitioner of second degree robbery, with two prior robbery convictions based on guilty pleas. (Id. at 2.) Pursuant to

---

[1] Per the California Department of Corrections and Rehabilitation website, Robert Burton is the acting warden at Deuel Vocational Institution, where Petitioner is presently incarcerated. See https://www.cdcr.ca.gov/Facilities_Locator/DVI.html.

1

California's Three Strikes Law, Petitioner received a sentence of 25 years to life on April 9, 1998. (Id. at 2, 37.) Since his conviction, Petitioner has filed a number of habeas petitions in the San Bernardino County Superior Court,[2] the California Court of Appeal,[3] the California Supreme Court,[4] and the Central District of California.[5]

On January 30, 2018, the San Bernardino Superior Court granted one of Petitioner's habeas petitions, finding that the trial court incorrectly calculated Petitioner's pretrial custody credits at the time of his initial sentencing. (Id. at 37-42.) The court ordered that an amended abstract of judgment be issued to correct Petitioner's actual custody days. (Id. at 42.) The amended abstract of judgment was entered on February 5, 2018. (Id. at 43.) On May 11, 2019, Petitioner constructively filed the instant Petition, which attacks the validity of the guilty pleas underlying his Three Strikes sentence. (Dkt. 1.)

## II.
## DISCUSSION

### A. Legal Standard

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of

---

[2] From 2004 to 2017, Petitioner appears to have filed seven habeas petitions in the Superior Court. See https://www.sb-court.org/divisions/civil-general-information/court-case-information-and-document-sales.

[3] From 2001 to 2014, Petitioner appears to have filed three habeas petitions in the 4th Appellate District, Division 2. See https://appellatecases.courtinfo.ca.gov/.

[4] From 2001 to 2017, Petitioner appears to have filed twelve habeas petitions in the California Supreme Court. See https://appellatecases.courtinfo.ca.gov/.

[5] Per PACER (Public Access to Court Electronic Records), Petitioner filed five habeas petitions in the district court (other than the instant Petition), from 2000 to 2007. See https://www.pacer.gov/.

2

the Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

### 1. **One-Year Statute of Limitations**

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to cases filed after its effective date of April 24, 1996). AEDPA provides as follows:

> **(d) (1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file

a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

### 2. Statutory Tolling

AEDPA provides for statutory tolling as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The United States Supreme Court has interpreted this language to mean that the AEDPA's statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings. Carey v. Saffold, 536 U.S. 214, 219-21 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000). Statutory tolling "does not permit the reinitiation of a limitations period that has ended before the state petition was filed," even if the state petition was timely filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), cert. denied, 540 U.S. 924 (2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

### 3. Equitable Tolling

In Holland v. Florida, 560 U.S. 631 (2010), the Supreme Court held that the AEDPA's one-year limitation period is subject to equitable where the petitioner shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Id. at

649. "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), cert. denied, 537 U.S. 1003 (2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Miranda, 292 F.3d at 1065.

**B.     The Petition Appears to Be Untimely.**

In Gonzalez v. Sherman, 873 F.3d 763 (9th Cir. 2017), the superior court amended the petitioner's judgment to correct his pretrial custody credits; the Ninth Circuit held that where a superior court order amends the petitioner's conviction or sentence (and directs that an amended abstract of judgment be prepared) to correct an illegality, the superior court order constitutes a new, intervening judgment pursuant to which the petitioner is in custody. Id. at 770. The Ninth Circuit concluded that the habeas petition filed after this new judgment was not second or successive, regardless of how many petitions the petitioner filed prior to the judgment. Id. Here too, the Superior Court issued an amended judgment to correct Petitioner's pretrial custody credits.

The amended judgment restarted the AEDPA one-year statute of limitations under § 2244(d)(1). Smith v. Williams, 871 F.3d 684, 988-89 (9th Cir. 2017); see also Marquez v. McDaniel, 729 F. App'x 583 (9th Cir. 2018) (memorandum) ("the one-year [AEDPA] period runs from the date of the amended judgment"); see also Shropshire v. Baca, 702 F. App'x 629 (9th Cir. 2017) (memorandum) ("AEDPA's statute of limitations clock restarts when a state-court judgment is amended.").

Here, the San Bernardino Superior Court issued its habeas grant on January 30, 2018 and entered the amended judgment on February 5, 2018.[6] According to the California Court of Appeal's online records search, Petitioner did not appeal. See http://appellatecases.courtinfo.ca.gov/. Therefore, the judgment became "final" under § 2244(d)(1)(A) on April 6, 2018, when the sixty-day period to seek direct review expired. See California Rules of Court, Rule 8.308(a); see also Thorns v. Sherman, 2017 WL 10527376, at *4 (C.D. Cal. Dec. 1, 2017) (where petitioner's superior court habeas petition was granted, resulting in an amended judgment, determining that the limitations period expired once year after the 60-day window to appeal). Absent tolling, the limitations period expired one year later on April 6, 2019. Petitioner did not constructively file the Petition until May 11, 2019.

It does not appear that Petitioner filed any habeas petitions in 2018 or 2019 to provide a basis for statutory tolling.

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that, **on or before July 1, 2019**, Petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness. Petitioner may

---

[6] The Court assumes for this calculation that entry of the amended judgment restarted the AEDPA clock, to construe the dates in Petitioner's favor. In Thorns v. Sherman, 2017 WL 10527376, at *4 (C.D. Cal. Dec. 1, 2017), which presents a similar factual scenario, the Court calculated timeliness from the date habeas relief was granted—not when the amended judgment was actually entered; there, however, the petition was timely whether calculated from the date of habeas grant or the date the amended judgment was entered. Gonzalez recognized that under California law, the judgment of conviction is the "oral pronouncement" at sentencing; the "abstract of judgment" is the clerk's official recitation of the oral judgment of conviction, which must be provided to the state prison official charged with executing the judgment. 873 F.3d at 770. Using the date of habeas grant, Petitioner's one-year limitations period elapsed on April 2, 2019.

6

argue, for example, that (1) the limitations period began to run upon a different triggering event under 28 U.S.C. § 2244(d), (2) he is entitled to statutory tolling, or (3) he is entitled to equitable tolling.

DATED: May 30, 2019

*/s/ Karen E. Scott*
_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE